IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-966-TFM |
| | ) | [wo] |
| L&H INVESTMENTS, LLC., | ) | |
| an Alabama limited liability company, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 8-9, filed November 20, 2009) and 28 U.S.C. § 636(c).  Pending before the Court is *Plaintiff Wachovia Bank, National Association's Renewed Motion for Summary Judgment on Loans V and VII* and supporting brief (Docs. 25-26, filed August 27, 2010).  The motion is now ripe for review. Upon consideration of the motion, the Court finds it is due to be **GRANTED.**

### I.   JURISDICTION

The district court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).  The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both.

## II.   NATURE OF THE CASE AND MOTION FOR SUMMARY JUDGMENT

The underlying facts of this case are necessarily viewed in favor of the nonmovant Defendants.  Plaintiff, Wachovia Bank, National Association ("Wachovia" or "Plaintiff") is a national banking association with its principal place of business located in Charlotte, North Carolina.  *See* Doc. 1.  The background of this case was already discussed in great detail in the Court's Opinion pertaining to the first motion for summary judgment wherein the Court granted summary judgment as to six of eight loans defaulted on by Defendants L&H Investments ("L&H"), W.G. Liddon ("Liddon"), and M.E. Hawker ("Hawker").  *See* Doc. 23 (Memorandum Opinion I).  The Court will not rehash those same facts here.  The remaining loans at issue are summarized below:

(1)     Loan V - On or about November 17, 2006, Wachovia made a loan to L&H in the original principal amount of $60,000.00.  Both Liddon and Hawker secured the L&H loan with an Unconditional Guarantee.  As a result of Defendants' failure to repay the amounts owed under Loans I, II, III, and VIII, Wachovia declared this note to be in default and accelerated the maturity of the loan pursuant to its Notice of Default and Demand for Payment on May 21, 2009.  Defendants failed to repay this amount as well.

(2)     Loan VII - On or about June 27, 2007, Wachovia made a loan to Defendants in the original principal amount of $60,000.00.  As a result of Defendants' failure to repay the amounts owed under Loans I, II, III, and VIII, Wachovia

> declared this note to be in default and accelerated the maturity of the loan
>
> pursuant to its Notice of Default and Demand for Payment on May 21, 2009.
>
> Defendants failed to repay this amount as well.

*See* Doc. 1 at p. 5-8, 13-14.

On June 4, 2010, Wachovia filed its first motion for summary judgment.  *See* Docs. 15-16.  On July 27, 2010, the Court granted summary judgment as to all loans except Loan V and Loan VII because of apparent typographical errors causing discrepancies as to the deficient amount as to these two loans.  *See* Memorandum Opinion I.  The Court also provided Wachovia the opportunity to renew its summary judgment request as it was apparent that the loans were in default and the sole question remaining was the amount due. *Id*.  Wachovia now renews that request with this new motion for summary judgment.

Wachovia asserts there are no material facts at issue thus making it entitled to judgment as a matter of law.  Specifically, Wachovia states the Defendants failed to repay the amounts due on Loans V and VII and as a result of the alleged default, Defendants owe Wachovia $13,521.95 through June 3, 2010 not including attorney's fees and expenses.  This number includes principal, interest accrued through June 3, 2010, and late fees with additional interest accruing per diem.

On August 30, 2010, the Court issued a briefing schedule on the renewed summary judgment motion wherein Defendants were given until September 17, 2010 to file their respective responses.  *See* Doc. 27.  To date, no response has been filed.  Based on all the

above, the motion for summary judgment is ripe for this Court's review.

### III.   SUMMARY JUDGMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial.  FED. R. CIV. P. 56(a) and (b).  Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).  At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial."  *Id*. at 249.  Only disputes about the material facts will preclude the granting of summary judgment.  *Id.*  A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*; *accord Greenberg v. Bell-South Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007); *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving

party.'"").  Thus, the initial burden of proof rests on the movant.  *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *Gonzalez*, 161 F.3d at 1294.  This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof.  *Celotex*, 477 U.S. at 322-23; 106 S.Ct. at 2552-53.  The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial.  *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment.  *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (conclusory assertions in absence of supporting evidence are insufficient to withstand summary judgment).  "Speculation does not create a *genuine* issue of fact."  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted) (emphasis in original).  The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports

his or her claim, and may not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511 (citations omitted). Thus, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*, 475 U.S. at 586 106 S.Ct. at 1356 (citations omitted).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the nonmovant. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *Johnson*, 263 F.3d at 1242-43. Further, "all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106 S.Ct. at 2513; *see also McCormick*, 333 F.3d at 1243 (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted. *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. In other words, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id*. at 322, 106 S.Ct. at 2552.

## IV.   DISCUSSION AND ANALYSIS

**A.     Deficiency**

When an action brought is before a federal court pursuant to its subject matter jurisdiction under 28 U.S.C. § 1332, that court must employ the choice-of-law rules of the jurisdiction in which it sits in determining the proper law to apply in the case. *See, e.g., Klaxon Co. v. Stentor Elec. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Morris v. SSE, Inc.*, 912 F.2d 1392, 1394 n. 1 (11th Cir. 1990); *see also Benchmark Med. Holdings, Inc. v. Rehab Solutions, LLC*, 307 F.Supp.2d 1249, 1258-59 (M.D. Ala. 2004) ("When a federal court decides a state law claim, whether acting pursuant to diversity or supplemental jurisdiction, it applies the choice-of-law rules of the jurisdiction in which its sits."). Thus, the Court looks to Alabama choice-of-law rules.  In a contractual dispute, Alabama law must "first look to the contract to determine whether the parties have specified a particular sovereign's law to govern."  *Stovall v. Universal Const. Co., Inc.*, 893 So.2d 1090, 1102 (Ala. 2004); *see also Clanton v. Inter.Net Global, L.L.C.*, 435 F.3d 1319, 1323 (11th Cir. 2006) (quoting *Stovall*).  In the case between Wachovia and the Defendants, the contracts all provide that they shall be "governed by and construed under the laws of the state named in the Bank's address on the first page hereof without regard to that state's conflict of laws principles."  *See* Doc. 15, Ex. 2-2 through Ex. 2-16.  In all the contracts, the state named is Alabama.  Thus, all substantive matters are governed by Alabama law.

In considering an unopposed motion for summary judgment, the court "cannot base

the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id*. at 1101-02 (citations omitted).

In first looking to the appropriate law, the Court determines the breach of contract claim itself is covered by Alabama law. To prevail on a breach of contract claim under Alabama law, the plaintiff must establish: (1) the existence of a valid contract binding the parties in the action, (2) its own performance under the contract, (3) the defendant's non-performance, and (4) damages. *Ex parte American Heritage Life Ins. Co.*, — So.3d — , — , 2010 WL 1170513, *2 (Ala. 2010) (citing *Congress Life Ins. Co. v. Barstow*, 799 So.2d 931, 937 (Ala. 2001)); *Shaffer v. Regions Fin. Corp.*, 29 So.3d 872, 880 (Ala. 2009) (quoting *Reynolds Metals Co. v. Hill*, 825 So.2d 100, 105 (Ala. 2002)).

As to the remaining loans/notes at issue - specifically Numbers V and VII, Wachovia now has clearly met those four elements. The undisputed evidence establishes the debt, the default, and the deficiency. Specifically, the existence and terms of the loan are evidence by the eight Promissory Notes and the Unconditional Guaranties. *See* Doc. 15, Exhibit 2-2 through 2-16; Doc. 25, Exhibit A-1 through A-5. The Promissory Notes and Unconditional

Guaranties contain all the terms agreed to by the parties. *Id*. This includes what occurs in the event of default. *Id*.

The second uncontroverted affidavit of John Cathey, Director of the Special Assets Management Department for Wells Fargo Bank, National Association (successor-by-merger to Wachovia), clearly establishes that these two loans are in default and Defendants have made no further payments. *Id*., Ex. A, Cathey Affidavit. Cathey further avers that, as a result of the default, the outstanding indebtedness is as listed in the subsections below. The amounts are clearly established by the record and are uncontroverted. As such, summary judgment is appropriate for these amounts.

As there is default, the Court must look to Alabama law as to whether the interest is appropriate. In Alabama, pre-judgment interest on damages stemming from a breach of contract are governed by ALA. CODE § 8-8-8. It provides that "All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty bear interest from the day such money, or thing, estimating it at its money value, should have been paid, or such act, estimating the compensation therefor in money, performed." ALA. CODE § 8-8-8. Therefore, prejudgment accrued interest is appropriate under Alabama law and is governed by the Promissory Notes.

   a.   **Loan/Note V**

As of June 3, 2010, Defendants owe Wachovia $1,000.00 in principle plus interest in the amount of $4,370.49 and late fees in the amount of $406.91. Interest continues to accrue

at the rate of $0.22 per day.  This amount is uncontroverted and clearly established by the record.  As such, through September 24, 2010 - the date of this opinion - the additional interest is $24.86 ($0.22 multiplied by 113 days).  This brings the total indebtedness on Loan/Note V to $5802.26

### b.      Loan/Note VII

As of June 3, 2010, Defendants owe Wachovia $2,000.00 in principle plus interest in the amount of $5,327.38 and $417.17 in late fees.  Interest continues to accrue at the rate of $0.43 per day.  This amount is uncontroverted and clearly established by the record.  As such, through September 24, 2010 - the date of this opinion - the additional interest is $48.59 ($0.43 multiplied by 113 days).  This brings the total indebtedness on Loan/Note VII to $7793.14.

### c.      Total Indebtedness of Loans/Notes V and VII

The indebtedness of these two loans reaches a total of $13,595.40.  This is the cumulative total of the principal and interest accrued through September 24, 2010.  Summary judgment is appropriate as to that amount.

### d.      Total Indebtedness of All Loans/Notes

The Court also recognizes that interest has continued to accrue on Loans/Notes I, II, III, IV, VI, and VIII.  As such, the Court will consider the additional 59 days of interest accrued on those loans.  The Court hereby incorporates its analysis as to those loans in this section and Court finds the following additional amounts appropriate:

(1)     Loan/Note I - Additional interest in the amount of $1187.08 ($20.12 multiplied on 59 days)

(2)     Loan/Note II - Additional interest in the amount of $1611.88 ($27.32 multiplied on 59 days)

(3)     Loan/Note III - Additional interest in the amount of $2890.41 ($48.99 multiplied on 59 days)

(4)     Loan/Note IV - Additional interest in the amount of $29.50 ($0.50 multiplied on 59 days)

(5)     Loan/Note VI - Additional interest in the amount of $24.78 ($0.42 multiplied on 59 days)

(6)     Loan/Note VIII - Additional interest in the amount of $391.17 ($6.63 multiplied on 59 days)

This new interest totals to $6,134.82 in addition to the amounts previously calculated in Memorandum Opinion I.  These amounts are calculated based on the 59 days that have passed since the issuance of Memorandum Opinion I.  In Memorandum Opinion I, the Court calculated the total amount due through July 27, 2010 to be $936,862.31.  Adding the new interest ($6,134.82) and the amounts due on Loans/Notes V and VII ($13,595.40), the new overall amount due is $956,592.53.

**B.     Attorney's Fees**

Finally, Wachovia requests $62,671.04 in attorneys' fees.  This pertains to the

recovery on all eight notes delineated in the complaint.  During Memorandum Opinion I, the Court deferred its ruling on attorneys' fees.  The Court will now determine whether Wachovia should recover its attorneys' fees.

"In Alabama and most other jurisdictions, the general rule is that attorney's fees and expenses of litigation are not recoverable as damages, in the absence of a contractual or statutory duty, other than by a few recognized equity principles."  *Ex parte Burnham, Klinefelter, Halsey, Jones & Cater, P.C.*, 674 So.2d 1287, 1290 (Ala. 1995) (internal modifications and citation omitted).  Thus, a mortgagee may recover attorneys' fees incurred when the contract imposes a duty on the mortgagor to pay those fees.  *See Lunceford v. Monumental Life Ins. Co.*, 641 So.2d 244, 247 (Ala. 1994).  The Alabama Supreme Court has also stated that "[t]he claim for an attorney's fee is as much a part of the contract as any other feature of it. Such fees, under the contract, become an effective part of the main debt." *Taylor v. Jones*, 290 Ala. 268, 276 So.2d 130 (1973).

If the Court finds that attorney's fees are recoverable, it must then determine the reasonableness of the request.  The Alabama Supreme Court has set forth twelve criteria that a trial court may consider in setting attorney fees: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a

professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. *Knox Kershaw, Inc. v. Kershaw*, 598 So.2d 1372, 1374 (Ala. 1992) (citing *Peebles v. Miley*, 439 So.2d 137, 140-41 (Ala.1983)).  Rarely will all twelve criteria be applicable in a given case.

The Loan Agreements at issue clearly provides for the recovery of attorneys fees. *See* Doc. 15, Exhibit 2-2 through 2-16; Doc. 25, Exhibit A-1 through A-4.  Thus, the Court need only determine whether the amount requested is reasonable.  The Court specifically looks to factors 1, 2, 3, 6, 7, 8, 9, and 10 as applicable to this case.  Using these factors as guidance, the Court finds the amount requested is appropriate.

## V.  CONCLUSION

Pursuant to the foregoing Memorandum Opinion, the Court grants *Plaintiff Wachovia Bank, National Association's Renewed Motion for Summary Judgment on Loans V and VII* (Doc. 25).  The Court finds summary judgment is appropriate for Loans/Notes V and VII in the amount of $13,595.40 which includes principal and interest accrued through the date of this Opinion.  Including the additional interest on the other six loans previously granted, the new total amount for summary judgment due is **$956,592.53**.  The Court also finds summary judgment is appropriate as to attorney's fees in the amount of **$62,671.04**.  An appropriate judgment will be entered separately.

DONE this 24th day of September, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE